UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN LYMAN, )<br>    Plaintiff, )<br>)<br>V. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Defendant. ) | FILED<br>2012 JUN 29  P 4:52<br><br>3:12cv962(RNC)<br><br>JUNE 29, 2012 |

## COMPLAINT

### NATURE OF THE ACTION

1.    The Plaintiff, Karen Lyman, brings this action against the Defendant, United States of America. This action arises out of the negligence and carelessness of the Defendant in the ownership, care, and maintenance of a dangerous condition on a property located at the United States Naval Submarine Base on or near Crystal Lake Road in Groton, Connecticut.  The United States Department of Navy is a branch of the United States Armed Forces and is a division of the United States Department of Defense.

### THE PARTIES

2.    The Plaintiff, Karen Lyman, is an individual who is a citizen of the State of Connecticut with a principal residence at 439 Oxoboxo Dam Road in Oakdale, Connecticut.

3.    The Defendant is the United States of America.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## JURISDICTION AND VENUE

4.     Jurisdiction is conferred upon this Court in that the Plaintiff is a citizen of the United States of America and the Defendant is the United States of America.  The amount in controversy exceeds the sum of $75,000, excluding interest and costs.

5.     Venue is proper in this District in that this action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*

## ALLEGATIONS

6.     At all relevant times herein, the Defendant, its agents, servants and employees, were responsible for the care and maintenance of the Naval Submarine Base property located on or near Crystal Lake Road in Groton, Connecticut, including a parking area located therein.

7.     On March 24, 2011, the Plaintiff, Karen Lyman, was permissibly on the premises of the Naval Submarine Base and was driving her vehicle through said parking area when she was caused to strike a tree stump in the middle of the travel portion of the roadway and not visible to motorists.  The collision caused the Plaintiff to suffer severe, permanent and disabling injuries as more specifically set forth herein.

8.     The collision and the resulting injuries and damages to the Plaintiff were caused by the negligence and carelessness of the Defendant, its agents, servants and/or employees, in one or more of the following respects, in that they:

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

a. Improperly left a tree stump in a parking area, preventing the safe passage of motorists and/or other persons travelling through it;

b. Failed to provide a clear and unobstructed roadway through its parking area;

c. Failed to place cones, signs, and other such devices to warn motorists and/or pedestrians of the tree stump in the parking lot;

d. Failed to exercise reasonable care under the circumstances so that the Plaintiff and/or other motorists could properly and safely travel through the parking lot;

e. Failed to remove the tree stump or cause it to be removed from the parking lot although they knew or, in the exercise of reasonable care, should have known that it was dangerous and hazardous to motorists and/or other persons traveling through parking lot;

f. Failed to give the Plaintiff and others any warning of the tree stump although the Defendant knew or, in the exercise of reasonable care, should have known that it was dangerous and hazardous to motorists and/or persons traveling through the parking area because it was located in the travel portion of the lot and/or was not visible because of the configuration and/or design of the lot;

g. Caused and/or allowed a tree stump to be in the parking area;

h. Failed to make proper and reasonable inspection of the parking lot to determine its unsafe condition;

i. Failed to discover or remedy the dangerous condition, a tree stump in the parking lot, when the Defendant knew or, in the exercise of reasonable care, should have known of its existence;

j. Maintained the parking lot in a dangerous and/or unsafe condition;

k. Failed to remedy the condition when it was reasonably necessary under the circumstances;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

    l.  Failed to verbally warn the Plaintiff of the dangerous condition;

    m.  Failed to properly or adequately remove or cause to be removed trees in the parking lot so as to ensure that stumps were not left behind;

    n.  Failed to supervise its agents, officials and employees in removing the tree so as to ensure that it was done properly or adequately and that no dangerous condition was left behind;

    o.  Failed to hire competent employees and/or contractors and/or sub-contractors to remove the tree so as to ensure it was done properly and adequately;

    p.  Designed or permitted to be designed the parking lot in such a manner so that the tree stump was not visible to motorists because of parked cars;

    q.  Failed to hire competent employees and/or contractors and/or sub-contractors to design the parking area so as to ensure it was done properly; and

    r.  Allowed a dangerous condition, namely the presence of a tree stump in the roadway, to exist for a sufficient period of time that it constituted a foreseeable risk of serious harm to the Plaintiff.

9.    As a result of the negligence and carelessness of the Defendant, the Plaintiff sustained injuries to her head, shoulder, jaw, teeth, and right arm, including, but not limited to, a fracture of the right ulnar midshaft and multiple lacerations, bruises, contusions and abrasions.

10.    As a further result of the negligence and carelessness of the Defendant, the Plaintiff was required to spend various sums of money for medical care, including

4

casting, diagnostic testing, orthopedic treatment, x-rays, prescription medication and devices necessitated by her injuries, all to her loss and damage.

11. As a further result of the negligence and carelessness of the Defendant, the Plaintiff suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which she engaged in prior to the collision.

12. The Plaintiff's injuries are permanent in nature and will require additional medical care and treatment in the future.

13. As a further result of the negligence and carelessness of the Defendant, the Plaintiff suffers an increased risk of future harm in that she has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning her future in that regard.

14. At all times mentioned herein, the Plaintiff was gainfully employed and, as a further result of the collision and resulting injuries, the Plaintiff has lost time from her employment and will likely lose additional time in the future and thereby suffer economic loss in the form of past and future lost wages and income.

15. As a further result of the negligence and carelessness of the Defendant, the Plaintiff's vehicle sustained severe damage, all to her great loss and expense.

5

**WHEREFORE**, the Plaintiff prays for relief against the Defendant as follows:

1. Compensatory damages of $1 million, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate the Plaintiff for all her injuries and damages, both past and present;

2. Special damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate the Plaintiff for all of her injuries and damages, both past and present, including but not limited to, past and future medical expenses, costs for past and future rehabilitation and/or home health care, lost income, permanent disability, including permanent instability and loss of balance, pain and suffering, mental distress and loss of the ability to carry out all of life's activities;

3. Punitive damages;

4. Double and triple damages as allowed by law;

5. Attorneys' fees, expenses and costs of this action;

6. Pre-judgment and post-judgment interest in the maximum amount allowed by law; and,

7. Such further relief as the Court deems necessary, just and proper.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

Plaintiff demands a trial by jury of all claims asserted in Her Complaint.

Dated:  June 29, 2012											Respectfully submitted,

By: _____
Kelly E. Reardon (ct28441)
THE REARDON LAW FIRM, P.C.
160 Hempstead St.
P.O. Drawer 1430
New London, CT   06320
Phone:  860-442-0444
Fax:  860-444-6445
Email:  kreardon@reardonlaw.com

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515