UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN LYMAN,<br>Plaintiff, | Civil No. 3:12cv962(RNC) |
| L-3 COMMUNICATION,<br>Intervening Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA &<br>KMK CONSTRUCTION, INC.,<br>Defendants. | |

## STIPULATION FOR JOINT COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS

It is hereby stipulated by and between Karen Lyman (hereinafter "Plaintiff"), L-3 Communication (hereinafter "Intervening Plaintiff"), the United States of America and KMK Construction Inc. (hereinafter referred to collectively, as the "Defendants"), and Peerless Insurance Company and The Netherlands Insurance Company (hereinafter referred to collectively as "KMK's Insurer") by and through their respective attorneys, as follows:

1. The Parties do hereby agree to settle and compromise each and every claim, credit, demand, and right of any kind, whether known or unknown, directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Joint Compromise Settlement and Release of Claims. More particularly for any claims arising out of an incident which occurred on or about March 24, 2011 on the Naval Submarine Base in Groton, Connecticut.

2. The Plaintiff acknowledges that it is the Plaintiff's sole responsibility to resolve all outstanding liens and medical bills, including but not limited to any and all worker's

compensation, ERISA liens, Medicaid/Medicare, or other state and/or federal agency liens. If a lien or reimbursement right is asserted against the proceeds of this settlement, the released parties or against The Netherlands Insurance Company and/or against Peerless Insurance Company, in consideration of the payment made the Plaintiff covenants to pay and satisfy such asserted lien or reimbursement right, or to satisfy the same on a compromise basis, and to indemnify and hold harmless the released parties from any such asserted lien, reimbursement right, or claim for indemnification, as well as for any loss suffered or cost incurred as a result of such a lien.

3. The United States of America agrees to pay to the Plaintiff $45,000.00 (forty-five thousand dollars and zero cents); and KMK Construction Inc. and KMK's Insurer agrees to pay to the Plaintiff $45,000.00 (forty-five thousand dollars and zero cents); for a total sum of $90,000 (ninety thousand dollars and zero cents), which sum shall be in full settlement and satisfaction of any and all claims, credits, demands, rights, and causes of action of whatsoever kind and nature, relating to, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result from the subject matter of this settlement, including any claims, credits or demands for which Plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies (including but not limited to the United States Navy), KMK Construction Inc., and their respective representatives, agents, servants, and employees, and KMK's Insurer.

4. Plaintiff and her guardians, heirs, executors, administrators, and assigns, and each of them, hereby agree to accept the above-described payment in full settlement and

2

satisfaction of any and all claims, credits, demands, rights, and causes of action of whatsoever kind and nature, relating to, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, and its agencies (including but not limited to the United States Navy), KMK Construction, Inc., The Netherlands Insurance Company, and Peerless Insurance Company, and their respective representatives, agents, servants, and employees, on account of the same acts, omissions and events that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators, and assigns, and each of them, further agree to reimburse, indemnify and hold harmless the United States of America, and its agencies (including but not limited to the United States Navy), KMK Construction, Inc., and their respective representatives, agents, servants, and employees, Peerless Insurance Company, and The Netherlands Insurance Company, from and against any and all such causes of action, claims, liens, rights, or subrogation, contribution or apportionment interests incident to or resulting from further litigation or prosecution of claims or demands by Plaintiff or her guardians, heirs, executors, administrators, or assigns against any third party or against the United States of America or KMK Construction, Inc. Intervening Plaintiff L-3, agrees to this settlement, to the defendants making full payment of the settlement amount to plaintiff and her counsel, and Plaintiff's counsel will in turn make payment to Intervening Plaintiff L-3 in the amount of $20,000 as a compromised reimbursement of the workers' compensation lien.

5. This Stipulation for Joint Compromise Settlement and Release of Claims is not in any way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States of America, or its agencies (including but not limited to the United States Navy), KMK Construction Inc., or their respective representatives, agents, servants, and employees, and it is specifically denied that they are liable to the Plaintiff and Intervening Plaintiff L-3. This settlement is entered into by all Parties for the purpose of compromising disputed claims under the Federal Tort Claims Act, applicable State law, and for avoiding the expenses and risks of further litigation.

6. It is also agreed, by and between the Parties, that the respective Parties will each bear their own costs, fees, and expenses, including attorney's fees, and that any attorney's fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.

7. It is also understood and expressly agreed to by and among the Parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees owed by Plaintiff for services rendered in connection with this action shall not exceed 25 percent of the total compromise settlement amount paid by the United States of America.

8. The persons signing this Joint Stipulation for Compromise Settlement and Release of Claims warrant and represent that they possess full authority to bind the persons and entities on whose behalf they are signing to the terms of the settlement.

9. The settlement amounts will be made payable to Karen Lyman, and her attorneys, The Reardon Law Firm, P.C. The checks will be mailed to Plaintiff's Attorney at the following address: The Reardon Law Firm, P.C., 160 Hempstead Street, P.O. Drawer 1430, New London, CT 06320. Plaintiff's attorney agrees to distribute the settlement

proceeds to the Plaintiff, and to Intervening Plaintiff L-3, and any insurance companies or other parties having any claim, lien, or subrogation interest in this case. Plaintiff further agrees to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs and expenses.

10. This Stipulation represents the entire agreement of the Parties and no other agreements or representations bind the Parties unless in writing and signed by all Parties.

11. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

PLAINTIFF

_____          12/1/14
Karen Lyman                              Date

PLAINTIFF'S COUNSEL

_____          11-25-14
Kelly Reardon, Esq.                      Date
The Reardon Law Firm, P.C.
160 Hempstead Street
P.O. Drawer 1430
New London, CT 06320

Counsel for Plaintiff

INTERVENING PLAINTIFF
L-3 COMMUNICATION

_____
By Its Attorney
Courtney Stabnick

Date: 12/04/14

DEFENDANT
United States of America

By Its Attorney
DEIRDRE M. DALY
United States Attorney

_____
Lisa E. Perkins (ct23164)
Assistant U.S. Attorney
450 Main Street, Rm. 328
Hartford, CT 061093
Tel: (860) 947-1101
Fax: (860) 760-7979
Email: lisa.perkins@usdoj.gov

Date: 12/3/14

DEFENDANT
KMK Construction, Inc.

_____    _____12/2/14_____
By its Attorney                                    Date
Andrew S. Turret (ct07962)

Peerless Insurance Company and
The Netherlands Insurance Company

_____    _____12/2/14_____
By their Attorney                                  Date
Andrew S. Turret (ct07962)

7